UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | Civil Action No. 25-4505 |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME
TO OPPOSE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER
OR FOR A PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 6(b), by and through undersigned counsel, Defendants respectfully move to extend the time to oppose Plaintiff's Motion for Temporary Restraining Order or for a Preliminary Injunction ("Pl.s' Mot.," ECF No. 2) by seven days—i.e., until January 7, 2026. Plaintiff, through counsel, consents to an extension to January 2, 2026, but opposes a longer extension. The current response deadline is December 31, 2025. *See* LCvR 65.1(c) ("The opposition shall be served and filed within seven days after service of the application for preliminary injunction[.]").

Good cause exists to grant this relief. On December 23, 2025, at 4:38 PM, Plaintiff's counsel emailed trial attorneys in the Department of Justice's Federal Programs Branch, informing them that Plaintiff "plan[ned] to file a complaint and [temporary restraining order], or in the alternative, [preliminary injunction.]" *See also* Pl.'s Mot. at 1. That e-mail did not include any filings, and as a result, does not constitute "actual notice." *See* LCvR 65.1(a) (requiring actual notice of an "application for a temporary restraining order" to include "copies of all pleadings and papers filed in the action to date"). Plaintiff thereafter emailed undersigned counsel Plaintiff's

complaint and motion for preliminary injunction on December 24, 2025, at 1:45 PM. *See* ECF Nos. 1, 2.

An extension is warranted here for three independent reasons. *First*, whether Plaintiff can satisfy the standard for a temporary restraining order or preliminary injunction will depend, at least in part, on the record before the Court. Plaintiff's motion with attachments is ninety-two pages long, *see* Pl.'s Mot. (ECF No. 2), while its Complaint is comprised of ninety-nine paragraphs, *see* Compl. (ECF No. 1). Undersigned counsel requires time to review Plaintiff's voluminous filing, consult numerous individuals across agencies and obtain any supporting declarations to prepare a response that fully addresses the issues raised by Plaintiff's motion.

Defendants' opposition currently is due on Wednesday, December 31, 2025. LCvR 65.1(c). Because of the Christmas holiday and pursuant to the President's Executive Order, *Providing for the Closing of Executive Departments and Agencies of the Federal Government on December 24, 2025, and December 26, 2025*, available at https://www.whitehouse.gov/presidential-actions/2025/12/providing-for-the-closure-of-executive-departments-and-agencies-of-the-federal-government-on-december-24-2025-and-december-26-2025 (last visited Dec. 24, 2025), five of the seven default days for the drafting and finalizing of Defendants' response are on holidays or weekends. While undersigned already has contacted the relevant agencies and has begun compiling necessary information to oppose Plaintiff's motion, individuals whose input is necessary to factual declaration(s) are not readily available during the five-day holiday period. Proper factual development of the record is needed for Defendants to address the issues raised by Plaintiff's motion. It also is necessary for the Court's assessment of whether the Plaintiff has met the high burden for preliminary injunctive relief, and

complaint and motion for preliminary injunction on December 24, 2025, at 1:45 PM. *See* ECF Nos. 1, 2.

An extension is warranted here for three independent reasons. *First*, whether Plaintiff can satisfy the standard for a temporary restraining order or preliminary injunction will depend, at least in part, on the record before the Court. Plaintiff's motion with attachments is ninety-two pages long, *see* Pl.'s Mot. (ECF No. 2), while its Complaint is comprised of ninety-nine paragraphs, *see* Compl. (ECF No. 1). Undersigned counsel requires time to review Plaintiff's voluminous filing, consult numerous individuals across agencies and obtain any supporting declarations to prepare a response that fully addresses the issues raised by Plaintiff's motion.

Defendants' opposition currently is due on Wednesday, December 31, 2025. LCvR 65.1(c). Because of the Christmas holiday and pursuant to the President's Executive Order, *Providing for the Closing of Executive Departments and Agencies of the Federal Government on December 24, 2025, and December 26, 2025*, available at https://www.whitehouse.gov/presidential-actions/2025/12/providing-for-the-closure-of-executive-departments-and-agencies-of-the-federal-government-on-december-24-2025-and-december-26-2025 (last visited Dec. 24, 2025), five of the seven default days for the drafting and finalizing of Defendants' response are on holidays or weekends. While undersigned already has contacted the relevant agencies and has begun compiling necessary information to oppose Plaintiff's motion, individuals whose input is necessary to factual declaration(s) are not readily available during the five-day holiday period. Proper factual development of the record is needed for Defendants to address the issues raised by Plaintiff's motion. It also is necessary for the Court's assessment of whether the Plaintiff has met the high burden for preliminary injunctive relief, and

thus the Court would benefit from extending Defendants' deadline to afford Defendants sufficient time to present that record.

*Second*, the law surrounding grant terminations is complex and developing, particularly with respect to subject-matter jurisdiction. *See, e.g.*, *Nat'l Insts. of Health v. Am. Pub. Health Assoc.*, 145 S. Ct. 2658 (U.S. 2025) (granting stay in part in a short unsigned opinion followed by two lengthy concurrences). Importantly, the D.C. Circuit has held that the district court lacks jurisdiction to hear grant termination cases. *Climate Utd. Fund v. Citibank, N.A.*, 154 F.4th 809, 824 (D.C. Cir. 2025). But on December 17, 2025, the D.C. Circuit vacated that decision and set an expedited schedule to hear the matter en banc. *Climate Utd. Fund v. Citibank, N.A.*, No. 25-5122, 2025 WL 3663661, at *1 (D.C. Cir. Dec. 17, 2025). That schedule provides for briefing to conclude by February 17, 2026, and sets oral argument for February 24, 2026. *Id*. It is likely that the D.C. Circuit's en banc decision will provide valuable guidance to this Court on the matter of jurisdiction related to the Tucker Act that is central to this Court's jurisdiction to hear Plaintiff's case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (if the Court "concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

*Third*, Plaintiff has not justified in its motion its request for a "decision on the motion by January 9," 2026, PI Mot. (ECF No. 2) at 2, which is less than the twenty-one-day period for a decision on a preliminary injunction. LCvR 65.1(d). While Plaintiff may believe relief is urgent, Plaintiff's belief should not be the sole driver of scheduling issues. Plaintiff asserts it "expects to be forced to send termination notices to employees by January 9, 2026." PI Mem. (ECF No. 2-1) at 11 (citing Del Monte Decl. (ECF No. 2-3) ¶ 12). But Plaintiff does not assert that any employee would actually be terminated on that day or identify the length of notice that would be given.

Further, Plaintiff would not be prejudiced by this modest extension because the Local Civil Rules do not entitle Plaintiff to a reply in support of its motion. Thus, extending Defendants' deadline to January 7, 2026, would still allow for a hearing by January 9, 2026, or as soon thereafter as may be convenient for the Court.

No previous extensions have been sought in this case and there are no previously set deadlines that would be impacted.

Dated: December 24, 2025                Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                      United States Attorney

                                  By:      */s/ Dimitar P. Georgiev*
                                      DIMITAR P. GEORGIEV, D.C. Bar #1735756
                                      BRIAN J. LEVY
                                      Assistant United States Attorneys
                                      601 D Street, NW
                                      Washington, DC 20530
                                      (202) 252-6734

                                      *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS,<br><br>       Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>       Defendants. | Civil Action No. 25-4505 |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion for an Extension of Time to oppose Plaintiff's motion for a temporary restraining order or for a preliminary injunction, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that Defendants shall file their response to Plaintiff's Motion for Temporary Restraining Order or for a Preliminary Injunction on or before Wednesday, January 7, 2026.

SO ORDERED:

_____                       _____
Date                                                                 United States District Judge