IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *Plaintiff*, v. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, *Defendants*. | Case No. 1:25-cv-4505 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR EXTENSION OF TIME**

Plaintiff American Academy of Pediatrics (AAP) respectfully partially opposes Defendants' motion for an extension of time. While Plaintiff is sympathetic to opposing counsel's desire for time off for the holidays, the immediate termination of $12 million in federal awards that were used by AAP to provide training and technical assistance to pediatricians in rural communities, to reduce sudden unexpected infant death syndrome, to develop standards for newborn nurseries in hospitals to improve the quality and consistency of newborn care, among a number of other children's health initiatives, is an urgent situation of Defendants' own creation. It was Defendants who elected to send termination notices abruptly cancelling these vital programs, and a dozen more, the week before Christmas. Moreover, the two days of federal holidays after Plaintiff filed its motion do not justify a seven-day extension of time when, as here, Plaintiff seeks emergency relief to prevent irreparable harm. Plaintiff's counsel therefore previously explained to Defendants' counsel that they would consent to an extension request until January 2, 2026, but oppose Defendants' request for an extension until January 7, 2026.

As explained in Plaintiff's brief and the signed declarations of Debra Waldron and Mark Del Monte, January 9, 2026, is the date by which AAP—and the public that is served by its programs—

desperately need relief. On that date, AAP will have no choice but to begin laying off dozens of staff (and approximately 10% of AAP's total full-time employees). *See* ECF No. 2-1 at 22; ECF No. 2-3 ("Del Monte Decl.") ¶ 12, ("If the awards at issue are not reinstated by January 9, 2026, AAP will be forced to send termination notices to several dozen employees who are directly or indirectly compensated by these awards."). This is not speculation or merely Plaintiff's "belief." ECF No. 11 at 3. AAP is currently spending approximately $116,500 per week on employee salaries and benefits and indirect costs that were previously covered by the awards, and has calculated that it lacks the resources to continue making these payments such that AAP must initiate the terminations of affected employees by January 9, 2026. Del Monte Decl. ¶ 15. If AAP is forced to terminate its employees, it will lose subject-matter experts, talent, experience, and intellectual property related to the terminated awards that are not recoupable. *Id.* ¶ 14. Additionally, the abrupt award terminations have already damaged and will continue to undermine AAP's mission to advance children's health because they have already forced AAP to halt work on essential programs that save children's lives. *Id.* ¶ 11; ECF No. 2-2 ("Waldron Decl.") ¶¶ 41, 43. The award terminations will leave communities with diminished ability to prevent community spread of harmful infectious diseases that impact infants and children; will halt efforts to prevent infants from dying in their cribs; will end efforts to promote early action in response to life-threatening sepsis infections; and will remove resources for preventing congenital heart defects and improving outcomes for affected children and adults. *See id.* And it is settled law in this Circuit that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Singh v. Berger*, 56 F.4th 88, 109 (D.C. Cir. 2022).

Defendants' requested extension is unwarranted for several additional reasons. *First*, on December 23, 2025, Plaintiff's counsel informed Defendants' counsel that they intended to move for emergency relief based on Defendants' termination of AAP's federal awards as in violation of

the First Amendment; Defendants therefore had notice of the claims in this lawsuit and the ability to begin preparing their response at that time.  *Second*, while Plaintiff welcomes any administrative record or portions thereof that may elaborate on the reasons for the terminations provided in the termination notices, any *post hoc* rationale evinced in subsequent declarations could not overcome the overwhelming evidence of retaliation discussed in Plaintiff's motion.  *Third*, contrary to Defendants' suggestion, this is not a lawsuit with complex jurisdictional questions related to the Tucker Act.  Courts in this District and the D.C. Circuit have uniformly held "that Tucker Act jurisdiction is not exclusive for claims founded upon the Constitution," as is the case here.  *Transohio Sav. Bank v. Dir., Off. of Thrift Supervision*, 967 F.2d 598, 609 (D.C. Cir. 1992), *abrogated on other grounds as recognized in Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 620 (D.C. Cir. 2017); *see also American Bar Ass'n v. DOJ*, 83 F. Supp. 3d 236, 243–45 (D.D.C. 2025) (rejecting the government's Tucker Act argument in the context of a First Amendment claim).  And the fact that the D.C. Circuit will hear en banc argument roughly two months from now (on issues that would not even bear on this case) is irrelevant to the question of whether Defendants are entitled to a seven-day extension to file their opposition here.

      For these reasons, the Court should deny Defendants' motion to the extent that it seeks an extension past January 2, 2026.

December 26, 2025　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Allyson R. Scher*
　　　　　　　　　　　　　　　　　　　　Joshua M. Salzman (D.C. Bar No. 982239)
　　　　　　　　　　　　　　　　　　　　Allyson R. Scher (D.C. Bar No. 1616379)
　　　　　　　　　　　　　　　　　　　　Michael J. Torcello (D.C. Bar No. 90014480)
　　　　　　　　　　　　　　　　　　　　Joel McElvain (D.C. Bar. No. 448431)
　　　　　　　　　　　　　　　　　　　　Robin F. Thurston (D.C. Bar No. 1531399)
　　　　　　　　　　　　　　　　　　　　DEMOCRACY FORWARD FOUNDATION
　　　　　　　　　　　　　　　　　　　　P.O. Box 34553
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20043
　　　　　　　　　　　　　　　　　　　　(202) 448-9090
　　　　　　　　　　　　　　　　　　　　jsalzman@democracyforward.org
　　　　　　　　　　　　　　　　　　　　ascher@democracyforward.org

mtorcello@democracyforward.org
jmcelvain@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-4505 |

**[PROPOSED] ORDER DENYING IN PART DEFENDANTS' OPPOSED MOTION FOR EXTENSION OF TIME**

Upon consideration of Defendants' opposed motion for extension of time to oppose Plaintiff's motion for temporary restraining order or for preliminary injunction, it is hereby

**ORDERED** that the motion is **DENIED IN PART**.  Defendants' opposition is due January 2, 2026.

**SO ORDERED.**


Dated: _____, 2025            _____
                                        THE HON. _____
                                        UNITED STATES DISTRICT JUDGE