UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS,<br><br>   Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>   Defendants. | Civil Action No. 25-4505 |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR AN
EXTENSION OF TIME TO OPPOSE PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINING ORDER OR FOR A PRELIMINARY INJUNCTION**

Defendants respectfully file this reply in support of their motion to extend the time to oppose Plaintiff's Motion for Temporary Restraining Order or for a Preliminary Injunction.

Defendants' opposition to Plaintiff's motion currently is due December 31, 2025, based on the motion's December 24, 2025 filing date. Plaintiff has agreed to an extension of one business day to January 2, 2026, whereas Defendants have requested five additional days beyond that to January 7, 2026. Defendants explained in their motion for extension that there are three bases for the requested relief. Plaintiff's opposition fails to establish that good cause is lacking for the five additional days that Defendants request or that it would be prejudiced by the requested extension.

First, Defendant explained that "individuals whose input is necessary to factual declaration(s) are not readily available during the five-day holiday period" between December 23, 2025, and December 29, 2026. Def.'s Mot at 2, ECF No. 11. Plaintiff's suggestion that the extension request was about "opposing counsel's desire for time off for the holidays" (Pl.'s Opp'n at 1, ECF No. 12) is inaccurate and non-responsive.. In fact, counsel have begun preparing an opposition.

Second, Defendants argued that Plaintiff's motion raises complex jurisdictional and other issues that require detailed briefing.  Plaintiff asserts that the issues raised by its motion are settled, but the litigation over grant terminations across the country, including before the D.C. Circuit and at the Supreme Court, suggests otherwise.

Third, Defendants noted that Plaintiff had not shown that January 9 was a critical date; specifically, although Plaintiff asserts in its motion that it expects termination notices to start going out on or about January 9, 2026, Plaintiff has not identified the amount of notice that would be afforded to affected employees before their potential terminations would become effective. Plaintiff's opposition likewise avoids providing this detail, stating only that terminations will be "initiate[d]" by January 6, 2026. Pl' Opp'n at 2.  Thus, Plaintiff fails to explain why Defendants' opposition must be filed no later than January 2, 2026, or why the proposed opposition filing date of January 7, 2026, would be insufficient to allow the Court to hold a hearing by January 9, 2026, given that the Local Rules do not contemplate a reply.

The rest of Plaintiff's opposition is based on its assertions that the Government's conduct was unlawful and that Plaintiff's grants are critical.  Plaintiff's beliefs about the merits, however, are not a basis to deny the Defendants the additional five days (beyond the January 2 date to which Plaintiff has agreed) needed to prepare a response to Plaintiff's motion.

| | |
|---|---|
| Dated:  December 29, 2025 | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:      */s/ Brian J. Levy*<br>DIMITAR P. GEORGIEV, D.C. Bar #1735756<br>BRIAN J. LEVY<br>Assistant United States Attorneys<br>601 D Street, NW<br>Washington, DC 20530 |

- 3 -

(202) 252-6734

*Attorneys for the United States of America*